**Rolbert St. Laurant FISCHRE, III, M.D. and Cheryl T. Fischre, husband and wife, Plaintiffs,**

v.

**UNITED STATES Of America, Defendant.**

No. 5:93–CV–11.

United States District Court, W.D. Michigan, S.D.

April 25, 1994.

Steven G. Hosler, Lansing, MI, for plaintiffs.

Daniel M. LaVille, Asst. Atty. Gen., Grand Rapids, MI, for defendant.

## MEMORANDUM OPINION

McKEAGUE, District Judge.

This case presents an action to quiet title to real property pursuant to 28 U.S.C. § 2410. There is no genuine issue as to any material fact and plaintiffs have moved for summary judgment. The Court has heard oral arguments and reviewed the parties'

supplemental briefs. The matter is ripe for final disposition.

Plaintiffs Rolbert St. Laurant Fischre, III, M.D., and his wife Cheryl Fischre, are owners by the entirety of certain real property, their residence, located at 1140 White Pond Road in East Lansing, Michigan. Plaintiffs obtained title, in fee simple, by executor's deed in 1978. They ask the Court to remove a cloud on their title caused by an abstract of judgment filed and recorded by defendant United States with the Ingham County Register of Deeds on July 26, 1991. The abstract of judgment indicates the United States obtained a judgment against Rolbert L. Fischre, III, in the amount of $200,194.68, plus interest, on March 3, 1987. The Judgment was taken by default against Dr. Fischre *individually*. Plaintiffs contend the judgment lien is based on the personal liability of Dr. Fischre only and therefore cannot, as a matter of law, attach to plaintiffs' entireties properties. They ask the Court to declare the lien a nullity and quiet their title so they can remortgage their property. Plaintiffs have been denied mortgage title insurance until the abstract of judgment is discharged.

■ It is undisputed that the United States has taken no action to enforce its lien. The sole question is whether the United States' lien can legitimately attach to Dr. Fischre's interest in the property without illegitimately encumbering his wife's interest.

■ The United States has filed the abstract of judgment pursuant to § 3201(a) of the Federal Debt Collection Procedure Act: "A judgment in a civil action shall create a lien on all real property of a judgment debtor on filing a certified copy of the abstract of the judgment in the manner in which a notice of tax lien would be filed...." 28 U.S.C. § 3201(a). The Act also includes an express limitation on the scope of the remedies it provides: "The remedies available to the United States under this chapter may be enforced against property which is co-owned by a debtor and any other person only to the extent allowed by the law of the State where the property is located." 28 U.S.C. § 3010(a). This limitation is consistent with the general rule that state law governs deter-

mination of the nature of property interests affected by a federal lien. *United States v. Certain Real Property Located at 2525 Leroy Lane,* 910 F.2d 343, 347–48 (6th Cir. 1990), *cert. denied,* 499 U.S. 947, 111 S.Ct. 1414, 113 L.Ed.2d 467 (1991); *Metzler v. United States,* 832 F.Supp. 204, 208 (E.D.Mich.1993); *County of Oakland v. Vista Disposal, Inc.,* 826 F.Supp. 218, 223 (E.D.Mich.1993).

■ Under Michigan law, tenants by the entirety, who must be husband and wife, hold under a single title with right of survivorship. *Certain Real Property at 2525 Leroy Lane, supra,* 910 F.2d at 346. "Neither husband nor wife acting alone can alienate any interest in the property, nor can the creditors of one levy upon the property." *Id.* In fact, a lien based on the debt or obligation of one spouse only, does not even attach to the entireties property. *Cole v. Cardoza,* 441 F.2d 1337, 1343 (6th Cir.1971).

It is upon this rule that plaintiffs base their claim. If the lien cannot attach to the entireties property, they argue, then it should not be allowed to encumber their full and free exercise of ownership of the property and should be declared a nullity. Indeed, in *Cole v. Cardoza, supra,* the Sixth Circuit concluded a federal tax lien that did not attach to entireties property should be declared a nullity where it constituted a cloud on the title to that property. The court determined the existence of the federal tax lien on the public land records was a cloud on the title because title examination would not have disclosed whether the deficiency assessment applied to one spouse only or jointly to both. *Id.,* at 1343–44. This ambiguity, the court ruled, would cause reasonable prospective purchasers or mortgagees to hesitate to commit themselves until they were certain the title was clear.

Plaintiffs appear to be in a similar situation and are entitled to similar relief. There are, however, two important distinctions. First, the United States' judgment lien is not ambiguous; it clearly identifies Dr. Fischre only as the judgment debtor and gives no indication of joint liability. Hence, any ambi-

guity that might result in a cloud on plaintiffs' title is diminished.

Second, caselaw subsequent to *Cole v. Cardoza* has made it clear that while the judgment lien may presently be a nullity as to the entireties property per se, it may nonetheless attach to the debtor spouse's interest. That is, even though each spouse has an indivisible interest in the entireties property and owns it as a whole, each also holds an individual interest:

> Under Michigan law, the individual interest of a tenant by the entirety is the functional equivalent of a life estate with a right of survivorship. The survivorship interest is in the nature of a remainder triggered by the death of either spouse, and, necessarily, the survivorship of the other spouse.

*Certain Real Property at 2525 Leroy Lane, supra,* 910 F.2d at 350–51. This individual interest is not realized and remains inchoate until the entireties estate is terminated by the death of one spouse, divorce or joint conveyance. *Id.* As long as the entireties estate is intact, the property is not subject to levy and execution by the creditors of one spouse. Yet, each spouse's survivorship interest is distinct, cognizable, and sufficient to support attachment of a creditor's lien. · As the Sixth Circuit observed,

> Although Michigan law precludes a forced sale of property to enforce a judgment lien, we have found no cases which would preclude the attachment of a creditor's lien on one spouse's interest which could be satisfied to the extent of that spouse's interest upon the termination of the entireties estate.

*Id.,* at 352. Thus, under Michigan law, it appears a judgment lien based on the sole obligation of one spouse may legitimately attach to that spouse's individual survivorship interest in entireties property without illegitimately burdening the entireties estate or the other spouse's interests therein.

It follows that, consistent with *Cole v. Cardoza,* the instant judgment lien must be declared a nullity insofar as it might appear to attach to and encumber plaintiffs' enjoyment of their entireties estate. The Court's declaration to this effect should serve to remove any cloud on the title which plaintiffs hold by the entirety. It is no less true, however, and must also be declared that consistent with *Certain Real Property at 2525 Leroy Lane,* the United States' lien does attach to the debtor spouse's, Dr. Fischre's, individual interest and may remain on record with the Register of Deeds for this limited purpose.

Accordingly, plaintiffs are entitled to summary judgment awarding the requested relief in part. A declaratory judgment consistent herewith shall issue forthwith.

## DECLARATORY JUDGMENT

In accordance with the Court's memorandum opinion of even date, the Court having determined that there is no genuine issue as to any material fact, that plaintiffs are entitled to summary judgment, and that plaintiffs are entitled to the relief prayed for in part;

**IT IS HEREBY ORDERED** that the motion for summary judgment of plaintiffs Rolbert St. Laurant Fischre, III, M.D., and Cheryl T. Fischre is **GRANTED.**

**IT IS FURTHER ADJUDGED and DECLARED** that the United States' abstract of judgment, recorded with the Ingham County Register of Deeds, and giving notice of Dr. Fischre's judgment indebtedness to the United States in the amount of $200,194.68, plus interest, is null and void as it pertains to plaintiffs' present title, as tenants by the entirety, to their residence at 1140 White Pond Road in East Lansing, Michigan.

**IT IS FURTHER ADJUDGED and DECLARED,** however, that the United States' abstract of judgment is effective and does attach to Dr. Fischre's *individual* survivorship interest in the property and is subject to enforcement through levy and execution upon termination of the entireties estate, whether by prior death of his wife, divorce or joint conveyance.